## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| REBECCA UZELMEIER,<br>149 Old Well Road<br>Rochester, NY 14646 | ) )<br>)<br>) | |
| Plaintiff, | )<br>) | |
| v. | )<br>) | Civil Action No. |
| UNITED STATES DEPARTMENT OF HEALTH<br>AND HUMAN SERVICES,<br>200 Independence Avenue, S.W.<br>Washington, D.C. 20201 | )<br>)<br>)<br>)<br>) | |
| MICHAEL O. LEAVITT,<br>United States Secretary of Health and Human Services<br>200 Independence Avenue, S.W.<br>Washington, D.C. 20201 | )<br>)<br>)<br>)<br>) | **COMPLAINT** |
| CHRIS B. PASCAL,<br>Director of the Office of Research Integrity<br>U.S. Department of Health and Human Services<br>1101 Wootton Parkway, Suite 700<br>Rockville, MD 20852 | )<br>)<br>)<br>)<br>) | |
| MARC R. WEISMAN,<br>Deputy Assistant Secretary for Acquisition Management<br>and Policy<br>Room 328E, Hubert H. Humphrey Building<br>200 Independence Avenue, S.W.<br>Washington, DC 20201 | )<br>)<br>)<br>)<br>)<br>) | JURY TRIAL REQUESTED |
| Defendants. | )<br>) | |

This is a Complaint seeking judicial review of an administrative decision by the U.S.

Department of Health and Human Services (HHS) Office of Research Integrity (ORI) that

debarred Plaintiff Rebecca Uzelmeier as a federal contractor for a period of five years. This is

also a request for the disclosure of documents pursuant to the Privacy Act.  Mrs. Uzelmeier

requests a trial by jury on all claims where permitted by law.

## JURISDICTION AND VENUE

1.  This action arises under the Privacy Act of 1974, as amended, 5 U.S.C. § 552a, the

    Administrative Procedure Act (APA), 5 U.S.C. §§ 701-706, and the "Due Process"

    clause of the Fifth Amendment of the United States Constitution.

2.  This Court has jurisdiction over this matter pursuant to the Privacy Act, 5 U.S.C. §§

    552a(g)(1)(D) and (5); the APA, 5 U.S.C. §§ 701-706; and the United States Code of

    Judicial Procedure, 28 U.S.C. §§ 1331 and 1346(a)(2).

3.  Venue is proper in this District pursuant to the Privacy Act, 5 U.S.C. § 552a(g)(5); the

    APA, 5 U.S.C. § 703; and the United States Code of Judicial Procedure, 28 U.S.C. §

    1391(b).

## PARTIES

4.  Plaintiff, Rebecca Uzelmeier is a citizen of the United States.  Plaintiff Uzelmeier

    resides at 149 Old Well Road, Rochester, NY 14646.

5.  Defendant United States Department of Health and Human Services (HHS) is an agency

    of the United States Government whose address is 200 Independence Avenue S.W.,

    Washington, D.C. 20201.  Defendant HHS is an executive agency within the meaning

    of the Privacy Act and the APA.

6.  Defendant Mike Leavitt is the Secretary of the United States Department of Health and

    Human Services.  Defendant Leavitt is being sued in his official capacity as the agency

    head of Defendant HHS and its components.  In this capacity, he resides at U.S.

Department of Health and Human Services, 200 Independence Avenue S.W.,

Washington, D.C. 20201.

7.  Chris B. Pascal is the Director of the HHS Office of Research Integrity. Defendant

Pascal is being sued in his official capacity as the head of ORI. In this capacity, he

resides at 1101 Wootton Parkway, Suite 700, Rockville, MD 20852.

8.  Marc R. Weisman is the Deputy Assistant Secretary for Acquisition Management and

Policy. Defendant Weisman is being sued in his official capacity as the HHS official

authorized to impose debarment. In this capacity, he resides at Room 328E, Hubert H.

Humphrey Building, 200 Independence Avenue, S.W., Washington, DC 20201.

## FACTS

9.  In 1999, Mrs. Rebecca Uzelmeier (then Ms. Rebecca Marcus) was a Ph.D. candidate at

Michigan State University ("MSU") in the Department of Pharmacology and

Toxicology, under the supervision of Professor Norbert Kaminski ("Professor

Kaminski").

10. On July 26, 1999, HHS learned about allegations by Professor Kaminski that Mrs.

Uzelmeier had committed several acts of "misconduct in research."

11. In or about July, 1999 MSU launched an "investigation" into the allegations, which it

did not complete until March of 2002, nearly three years after the inquiry into the

alleged misconduct began.

12. In or about 1999 Ms. Uzelmeier requested MSU to permit an outside expert to review

the evidence against her. MSU denied this request.

13. On or about September 12, 2006, more than seven years after HHS learned of the

alleged misconduct, Mrs. Uzelmeier received notification from ORI that it proposed a

3

"finding of misconduct in science against [her] based upon accumulated evidence including the MSU Report, dated March 5, 2002, and additional analysis and information obtained by ORI during its oversight review of the MSU Report."

14. As a result of the findings, the Debarring Official proposed debarring Mrs. Uzelmeier for a period of five (5) years.

15. On or about September 14, 2006, pursuant to the Privacy Act, 5 U.S.C. § 552a(d), Mrs. Uzelmeier asked HHS to provide her with a copy of "all documents referenced in the charge against Rebecca Uzelmeier, dated September 6, 2006, but which were not attached to said charge."

16. On or about September 19, 2006, also pursuant § 552a(d), Mrs. Uzelmeier asked HHS to provide her with a copy of "the complete administrative record relied upon by the HHS as the basis for filing the debarment charge against Rebecca Uzelmeier... as quickly as possible."

17. HHS presently has these records in its possession, but has refused to comply with either of Mrs. Uzelmeier's requests for copies of her records. Mrs. Uzelmeier never received a copy of the administrative record relied upon by HHS to support its debarment action.

18. On or about October 11, 2006, pursuant to 42 C.F.R. §§ 93.500 and 93.501, Mrs. Uzelmeier timely filed a response and requested an administrative hearing to review the proposed debarment. In her response, Mrs. Uzelmeier contested each of the allegations raised against her.

19. In a letter stamped October 18, 2006, the DAB notified Mrs. Uzelmeier that Administrative Law Judge Carolyn Cozad Hughes had been assigned to "determine whether Respondent's hearing request should be granted and, if she deems the request

4

should be granted, to make recommended findings in the case after a hearing or review of the administrative record."

20. On or about October 19, 2006, HHS filed a Motion to Dismiss Respondent's Hearing Request.

21. On or about October 30, 2006, pursuant to 42 C.F.R. § 93.501(d), Mrs. Uzelmeier timely filed a Motion to Dismiss HHS's Proposed Debarment of Rebecca Uzelmeier or in the Alternative Motion for Leave to File Supplementation of the Hearing Request on the grounds that HHS had refused to provide her with the full administrative record.

22. On or about March 5, 2007, the HHS Departmental Appeals Board (DAB) issued an opinion dismissing Mrs. Uzelmeier's hearing request on the grounds that she failed to "meet the regulations' specificity requirements," or "raise a genuine issue of material fact or law that may be properly addressed in a hearing."

23. However, the DAB at no time ruled on or even acknowledged Mrs. Uzelmeier's motion to dismiss or her motion to supplement her hearing request.

24. ORI subsequently sent Mrs. Uzelmeier a letter, dated March 12, 2007, stating that "[a]s a result of this decision, the Office of Research Integrity's findings of research misconduct and proposed 5-year debarment period are now final."

25. Mrs. Uzelmeier brings this action for judicial review of HHS's final decision to debar her.

26. At the time of the allegations, Mrs. Uzelmeier had been a doctoral student for five years, with Professor Kaminski as her major professor and head of the laboratory.

27. Throughout MSU's investigation, Mrs. Uzelmeier maintained that she had committed no wrongdoing and that the alleged misconduct was due to someone tampering with her research.

28. Mrs. Uzelmeier withdrew from the graduate program at MSU in 1999 and did not receive her Ph.D. She has not subsequently obtained any other science-related degrees or licenses.

29. Mrs. Uzelmeier does not work in a science-related field and she does not intend to do any science-related work in the future.

30. Mrs. Uzelmeier has never applied for or received a government grant or contract and she has no intention of doing so in the future. Since leaving MSU, Mrs. Uzelmeier has not been involved with any HHS committees or projects, nor does she have any interest or intention of doing so in the future.

31. Since leaving the Ph.D. program at MSU, Mrs. Uzelmeier has not worked as a federal contractor or knowingly received payment, directly or indirectly, from a government grant, nor does she intend to do so in the future.

### COUNT 1

#### (Violations of the Privacy Act by Defendant HHS)

32. Plaintiff hereby incorporates and re-alleges paragraphs 1 through 31, and further states and alleges as follows:

33. Defendant HHS violated the Privacy Act, 5 U.S.C. § 552a(d), by failing to comply with Mrs. Uzelmeier's request for the complete administrative record relied upon by HHS as the basis for its debarment action.

34. HHS is presently in possession of these records and is obligated to disclose them pursuant to 5 U.S.C. § 552a(d).

## COUNT 2

**(Debarment Action by HHS Constitutes Punishment in Violation of 45 C.F.R. § 76.110(a))**

35. Plaintiff hereby incorporates and re-alleges paragraphs 1 through 34, and further states and alleges as follows:

36. The debarment system exists solely "to protect the public interest... [and] integrity of Federal programs," which it does by ensuring that the federal government conducts business "only with responsible persons." 45 C.F.R. § 76.110(a). Furthermore, §76.110(c) points out that "[a]n exclusion is a serious action that a Federal agency may take *only* to protect the public interest. A Federal agency may *not* exclude a person or commodity for the purposes of punishment" [emphasis added].

37. Defendant HHS issued its debarment decision under 45 C.F.R. § 76.800(d), which states that HHS may debar an individual for any cause "of so serious or compelling a nature that it affects [their] present responsibility."

38. However, HHS has presented no evidence to support a finding that Mrs. Uzelmeier's alleged misconduct constitutes such a cause or that her alleged transgressions in any way reflect on her present or future fitness to do business with the federal government. Mrs. Uzelmeier's alleged misconduct occurred seven years ago in a field wholly unrelated to the one in which she presently works.

39. Furthermore, Mrs. Uzelmeier is not and has never been in a position to personally apply for or receive federal grants or contracts and, as a result of her withdrawal from the

7

MSU graduate program, Mrs. Uzelmeier does not have the credentials to even seek

future employment in her former field. As such, she cannot be viewed as a present

threat to the public interest or the integrity of any federal program and the decision to

debar her can only constitute improper punishment.

40. The punitive nature of HHS's decision to debar Mrs. Uzelmeier is further highlighted

by the length of the debarment period. The APA states that the "period of debarment

will be based on the seriousness of the cause(s) upon which [the] debarment is based.

Generally, debarment should not exceed three years. However, if circumstances

warrant, the debarring official may impose a longer period of debarment." 45 C.F.R. §

76.865.

41. In the absence of substantial aggravating factors, a debarment period of longer than

three years turns what would otherwise be an administrative action for the protection of

the public interest into a form of punishment and violates the fundamental principle

underlying a debarment proceeding. HHS has provided no adequate explanation as to

why Mrs. Uzelmeier's alleged misconduct warrants the extremely harsh five year

debarment period.

42. Furthermore, the extremely attenuated circumstances, the fact that Mrs. Uzelmeier

voluntarily left the graduate program at MSU and has since participated in no covered

transactions, and the fact that Mrs. Uzelmeier is not and has never been in a position to

personally apply for or receive federal grants or contracts should *mitigate* the debarment

period. *See* 45 C.F.R. § 76.860.

43. Finally, the decision to debar Mrs. Uzelmeier was punitive because it did not occur

within a reasonable time of when HHS learned of the allegations. To impose a five year

debarment period on an individual seven years after their alleged misconduct, when there is no evidence that the individual is a present threat to the public, cannot be justified as an action that is solely for the protection of the public interest.

44. It is thus believed and averred that the decision by HHS to debar Mrs. Uzelmeier for her alleged misconduct is unambiguously punitive, unsupported by substantial evidence and also arbitrary, capricious, an abuse of discretion, and not otherwise in accordance with existing law.

## COUNT 3

### (Action by HHS is Untimely)

45. Plaintiff hereby incorporates and re-alleges paragraphs 1 through 43, and further states and alleges as follows:

46. Because an individual cannot be debarred for punitive reasons and the administrative action by HHS to debar Mrs. Uzelmeier is punitive in nature, the proceedings initiated by HHS against Mrs. Uzelmeier must be considered a general administrative proceeding and not a debarment proceeding. As such, these proceedings fall under the five year statute of limitations set by 28 U.S.C. § 2462.

47. Furthermore, HHS bases much of its findings upon the MSU investigation report, which is itself extremely untimely. Pursuant to 42 C.F.R. § 50.104(a) (replaced by 42 C.F.R. § 93.311, effective June 16, 2005), MSU had 120 days to conduct its investigation and submit a final, written report its findings to ORI. If it was unable to complete its investigation within those 120 days, it was required to submit a written request to ORI asking for an extension. MSU began its investigation shortly after the allegations against Mrs. Uzelmeier were made. MSU issued the final draft of its report on March 5,

2002, nearly three years after its initiation and has provided no evidence that its extreme tardiness was justified. As such, any conclusions drawn by HHS based on this report are improper.

48. Thus, because HHS learned of the alleged misconduct in 1999 and it initiated proceedings against her in 2006, HHS's punitive debarment of Mrs. Uzelmeier must be reversed as untimely and the Defendants should be enjoined from taking any action against Mrs. Uzelmeier.

## COUNT 4

**(Departmental Appeals Board Improperly Dismissed Mrs. Uzelmeier's Hearing Request)**

49. Plaintiff hereby incorporates and re-alleges paragraphs 1 through 48, and further states and alleges as follows:

50. The DAB denied Mrs. Uzelmeier's request for a hearing on the grounds that she did not raise an issue of material fact because she did not directly dispute HHS's findings of misconduct.

51. Mrs. Uzelmeier did contest each dispute each and every HHS finding.

52. What the DAB does failed to mention in its decision was that Mrs. Uzelmeier was not provided with a copy of the administrative record HHS had relied upon to support those findings, and requested an extension of time based on that denial in order to supplement the factual grounds upon which her objections were based.

53. The DAB also failed to fully consider the numerous legal grounds offered by Ms. Uzelmeier contesting the basis for the proposed debarment.

54. Ms. Uzelmeier made a timely request to HHS for a copy of the complete administrative record in this matter.

55.   HHS refused to provide Ms. Uzelmeier with a copy of the administrative record in this matter, and refused to provide Ms. Uzelmeier with a copy of all the documents referenced in its report supporting her debarment.

56.   When it became apparent that the record was not forthcoming, Mrs. Uzelmeier filed her motion to supplement her hearing request, which the DAB never ruled upon.

57.   Thus, the DAB improperly found that Mrs. Uzelmeier raised no issues of material fact because, by refusing to rule on her motion to supplement her hearing request, it effectively denied her the ability to do so.  In doing so, the DAB has denied Mrs. Uzelmeier her fundamental right to a hearing in violation of the Fundamental Fairness guaranteed by the Due Process Clause of the Fifth Amendment.  *See e.g.* FAR 9.406-3(b) and 9.407-3(b).

58.   As a direct and proximate result of Defendants' actions, the debarment of Mrs. Uzelmeier must be reversed.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief from this Honorable Court as follows:

(a)   An order granting declaratory relief is appropriate;

(b)   An order granting preliminary and permanent injunctive relief;

(c)   An order reversing the order of debarment;

(d)   An order compelling disclosure of the records sought by Mrs. Uzelmeier pursuant to the Privacy Act;

(e)   An award of attorney's fees and costs pursuant to the Privacy Act; and

(f)   Any other relief as may be just and proper under the circumstances.

Respectfully submitted,

Stephen M. Kohn
D.C. Bar No. 411513

Michael D. Kohn
D.C. Bar No. 425617

David K. Colapinto
D.C. Bar No. 416390

KOHN, KOHN & COLAPINTO, LLP.
3233 P Street, N.W.
Washington, DC 20007
Phone: (202) 342-6980
Fax: (202) 342-6984

Attorneys for Plaintiff Rebecca Uzelmeier

Date: April 24, 2007