UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| REBECCA UZELMEIER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 07cv753 (PLF) |
| ) | |
| UNITED STATES DEPARTMENT OF ) | |
| HEALTH AND HUMAN ) | |
| SERVICES, *et al.* ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT**

**ARGUMENT**

Defendants' Opposition to Plaintiff Rebecca Uzelmeier's Motion for Partial Summary Judgment is fatally flawed, mandating that this Court grant Ms. Uzelmeier's Motion. As set forth below, the Department of Health and Human Services ("HHS") has failed to adequately contest the controlling facts as required under Federal Rule of Civil Procedure 56 and governing case law; therefore, Ms. Uzelmeier is entitled to partial summary judgment.

I. <u>LEGAL STANDARD</u>

Summary judgment may only be granted if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "A fact is 'material' if a dispute over it might affect the outcome of a suit under governing law . . .." *MDB Communications, Inc. v. Hartford Cas. Ins. Co.*, -- F.Supp.2d -- (D.D.C. 2008) (quoting *Holcomb v. Powell*, 433 F.3d 889, 895 (D.C. Cir. 2006)). "An issue is genuine if the evidence is

such that a reasonable jury could return a verdict for the non-moving party." *MDB Communications, Inc.*, -- F.Supp.2d at *4 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

In opposing Ms. Uzelmeier's motion for summary judgment, HHS "may not rely merely on allegations or denials in its own pleading." Fed. R. Civ. P. 56(e). Instead, HHS' opposition "must be supported by affidavits, declarations or other competent evidence setting forth specific facts showing that there is a genuine issue for trial." *MDB Communications, Inc.*, -- F.Supp.2d at *5 (citing Fed. R. Civ. P. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). "If the non-movant's evidence is 'merely colorable' or 'not significantly probative,' summary judgment may be granted." *MDB Communications, Inc.*, -- F.Supp.2d at *5 (quoting *Anderson v. Liberty Lobby*, 477 U.S. at 249-50).

II. <u>HHS HAS FAILED TO DESIGNATE SPECIFIC FACTS SHOWING THAT THERE IS A GENUINE ISSUE AS TO WHETHER ITS DECISION TO DEBAR MS. UZELMEIER WAS ARBITRARY, CAPRICIOUS, AN ABUSE OF DISCRETION OR NOT IN ACCORDANCE WITH LAW</u>

In order to withstand Ms. Uzelmeier's motion for summary judgment, HHS must identify specific facts to demonstrate "a genuine issue of material fact as to whether the debarring official's decision to [debar Ms. Uzelmeier] was arbitrary or capricious, an abuse of discretion or not otherwise in accordance with law."[1] *Waterhouse v. United States*, 874 F.Supp. 5, 8 (D.D.C. 1994). This HHS has not done.

---

[1] For a variety of reasons spelled out in Plaintiff's Memorandum in Support of her Cross Motion for Partial Summary Judgment, the traditional deference due administrative agency action is not applicable in this case. *See* Pl.'s Mem. P. & A. at 27, 32.

A. <u>Ms. Uzelmeier Has Met Her Burden Under Federal Rule of Civil Procedure 56(c) to Demonstrate That There is No Genuine Issue as to the Fact That HHS' Decision to Debar Her Was Arbitrary, Capricious, an Abuse of Discretion and Not in Accordance With Law.</u>

As the party moving for summary judgment, Ms. Uzelmeier "bears the initial burden of demonstrating the absence of a genuine issue of material fact." *LaPrade v. Rosinsky*, 882 A.2d 192, 196 (D.C. Cir. 2005).

Ms. Uzelmeier's summary judgment pleadings establish that there is no genuine issue as to HHS' inability to meet elements necessary to establish its case: HHS has failed to meet its burden of proving "by a preponderance of the evidence" that Ms. Uzelmeier's alleged research misconduct was "of so serious or compelling a nature that it affects [her] present responsibility." *See*, 45 C.F.R. §§ 76.850(a), 76.800(d). Consequently, HHS has failed to establish the necessary predicate for debarment: Debarment can be imposed "only to protect the public interest" and not "for the purposes of punishment." 45 C.F.R. § 76.111(c). As a result, HHS cannot refute that the debarring official's decision to debar Ms. Uzelmeier was arbitrary, capricious, an abuse of discretion and not in accordance with law.

In order to demonstrate that HHS has not met its burden of establishing that Ms. Uzelmeier's debarment was instituted in the public interest because Ms. Uzelmeier is not presently responsible, Ms. Uzelmeier placed the following facts on the record: seven and-a-half years passed between the time Ms. Uzelmeier allegedly engaged in research misconduct and the time she was debarred; Ms. Uzelmeier never received a doctoral degree; Ms. Uzelmeier was never an applicant for nor recipient of federal monies; Ms. Uzelmeier left the sciences in 1999; Ms. Uzelmeier now has a successful career in the financial services industry; Ms. Uzelmeier has no interest in nor desire to ever again work in the sciences; Ms. Uzelmeier has no interest in nor desire to ever again apply for or receive federal monies; and that HHS' administrative law judge

3

misstated and misapplied the standard under the governing regulation when she denied Ms. Uzelmeier's hearing request.[2]

> B. HHS' Opposition Does Not Proffer Any Competent Evidence Setting Forth a Single Specific Fact to Contradict the Facts Proffered By Ms. Uzelmeier in Her Summary Judgment Pleadings

Once the moving party has established the absence of a genuine issue of material fact, "the burden shifts to the non-moving party to designate *specific facts* showing that there is a genuine issue for trial." *LaPrade*, 882 A.2d at 196 (emphasis added). "To carry this burden, the non-moving party 'must do more than simply show that there is some metaphysical doubt as to the material facts.'" *Id.* (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). Furthermore, HHS' opposition "must be supported by affidavits, declarations or other competent evidence setting forth specific facts showing that there is a genuine issue for trial." *MDB Communications, Inc.*, -- F.Supp.2d at *5 (citing Fed. R. Civ. P. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). "Although, as a rule, statements made by the party opposing a motion for summary judgment must be accepted as true for the purpose of ruling on that motion, some statements are so conclusory as to come within an exception to that rule." *Greene v. Dalton*, 164 F.3d 671, 675 (D.C. Cir. 1999).

HHS has not refuted a *single* statement proffered by Ms. Uzelmeier to demonstrate HHS' failure to meet its burden of establishing by a preponderance of the evidence that Ms. Uzelmeier is presently a threat to the public interest. HHS does not argue that the debarment was timely; it

---

[2] The administrative law judge insisted that the "*sole* issue" before her was whether Ms. Uzelmeier had "raised a genuine dispute over facts or law *material to ORI's findings of research misconduct*." Defs.' Ex. 2 (DAB Order) at 2 (emphases added); *see also id.* at 2, 6, 7, 9. In fact, the governing regulation states that "The ALJ *must* grant a respondent's hearing request if the ALJ determines there is a genuine dispute over facts material to the findings of research misconduct *or proposed administrative actions,* including any debarment or suspension action." 42 C.F.R. § 93.503(a) (emphases added).

does not argue that Ms. Uzelmeier received a doctoral degree; it does not argue that Ms. Uzelmeier was the recipient of federal monies; it does not argue that Ms. Uzelmeier is still in the sciences; it does not argue that Ms. Uzelmeier does not now have a career in financial services; it does not argue that Ms. Uzelmeier intends or desires to return to the sciences; it does not argue that Ms. Uzelmeier intends or desires to apply for federal grant monies; it does not argue that the administrative law judge applied the correct standard in denying Ms. Uzelmeier's hearing request.

Instead, HHS' *sole* argument in support of its finding of lack of present responsibility is that, despite the forgoing uncontroverted facts, Plaintiff is nevertheless still "quite capable" of "work in any scientific field." Defs.' Opp. at 14. Because of this, HHS argues, "[s]hort of debarment, there is absolutely no barrier whatsoever to Plaintiff's involvement in federally-funded research projects or any other federal grants or contracts." *Id.*

That is *precisely* the sort of conclusory statement and metaphysical doubt warned of in the case law. Under Defendants' theory, *any* alleged student misconduct would warrant debarment at *any* point in a student's life, even decades after the alleged misconduct occurred, because, on a metaphysical level, nothing prevents the student from becoming a federal grantee and threatening the public interest.

Not only is Defendants' theory insufficient to withstand Ms. Uzelmeier's summary judgment motion, it is contrary to law. As this Court has elucidated, "past misconduct" alone cannot justify a debarment. The existence of past misconduct is a necessary predicate for debarment, but "the final decision to debar an individual must focus on that individual's *present business responsibility*." *Burke v. EPA*, 127 F.Supp.2d 235, 239 (D.D.C. 2001) (emphasis added).

5

What is more, HHS failed to proffer its legally improper conclusion that Plaintiff is "quite capable" of "work in any scientific field" by "affidavit[], declaration[] or other competent evidence," as is required by the summary judgment rules. *See MDB Communications, Inc.*, -- F.Supp.2d at *5. Given the uncontested facts that Ms. Uzelmeier placed on the record, it is not surprising that HHS failed to submit an affidavit to establish that she is still "quite capable" of "work in any scientific field." Given all the uncontroverted facts—among them that HHS accused Ms. Uzelmeier of committing research misconduct; that she never received a doctoral degree; never applied for nor received federal monies; left the sciences in 1999; now has a successful career in financial services; has no interest in nor desire to ever again work in the sciences; and has no interest in nor desire to ever apply for or receive federal monies—no credible hiring official would swear under oath that Ms. Uzelmeier is "quite capable" of "work in any scientific field."

The same is true of Defendants' entire Opposition. In direct contravention of Federal Rule 56(e), Defendants' Opposition relies exclusively "on allegations or denials." Not a single one of Defendants' assertions, conclusory as they are, is "supported by affidavits, declarations or other competent evidence setting forth specific facts showing that there is a genuine issue for trial." *See MDB Communications, Inc.*, -- F.Supp.2d at *5.

### C. The Uncontroverted Facts Proffered by Ms. Uzelmeier Are Material

Because Defendants are unable to refute the facts proffered by Ms. Uzelmeier in support of her present responsibility, they attempt to argue that such facts are not material. Defs.' Opp. at 10, 13-14. Unfortunately for Defendants, a "fact is 'material' if a dispute over it might affect the outcome of a suit under governing law." *MDB Communications, Inc. v. Hartford Cas. Ins. Co.*, -- F.Supp.2d at *4 (quoting *Holcomb v. Powell*, 433 F.3d 889, 895 (D.C. Cir. 2006)).

In this case, governing law provides that it is HHS' "burden to prove" "by a preponderance of the evidence" that Ms. Uzelmeier's alleged research misconduct is "of so serious or compelling a nature that it affects [her] present responsibility" and that she was debarred "only to protect the public interest" and not "for the purposes of punishment." 45 C.F.R. §§ 76.855(a), 76.850(a), 76.800(d), 76.111(c). *See also Canales v. Paulson*, 2007 WL 2071709 (D.D.C. July 16, 2007) ("In all cases, however, debarment may be imposed *only* in the public interest for the Government's protection and not for purposes of punishment." (Emphasis added, internal quotations omitted.)).

The uncontroverted facts on the record and listed above *all* bear on Ms. Uzelmeier's present responsibility and on whether she was debarred "to protect the public interest" and not "for the purposes of punishment." Therefore, a dispute over any of them "might affect the outcome" of this lawsuit. As such, all the facts referenced above, all of which are uncontested, are material.[3]

---

[3] Defendants' attempt to bolster their immateriality argument by repeatedly asserting that HHS has debarred people "who do not possess doctorate degrees," or who "are not principal investigators," or who are "not currently participating in a federally funded grant or contract," or who are "laboratory technicians," citing five HHS decisions to that effect. Defs.' Opp. at 11, 13. That HHS has debarred people who fall into one or more of these categories does not make these categories *immaterial*. At issue in this case is whether HHS demonstrated by a preponderance of the evidence that Ms. Uzelmeier's *particular* circumstances warranted debarment; that is, whether her *particular* circumstances rendered her debarment in "the public interest" and not "for the purposes of punishment." As such, the presence or absence of any (or, in Ms. Uzelmeier's case, all, plus many more) of these categories is *highly* material. Furthermore, there is no indication that the issue of present responsibility was even *raised* in any of the five cited debarment decisions, rendering them completely inapposite.

III. HHS HAS MISSTATED FACTS UNDER MS. UZELMEIER'S ALTERNATE THEORIES FOR SUMMARY JUDGMENT (MITIGATING FACTORS AND MOOTNESS)

In addition to ignoring its obligation to properly set forth facts in contention in its Opposition, HHS raised unfounded arguments concerning a number of facts related to Plaintiff's alternative summary judgment theories: mitigating factors ignored by HHS and mootness.

A. HHS Mischaracterizes Ms. Uzelmeier's Mitigating Factor Argument

HHS alleges that Ms. Uzelmeier has "pled no facts or circumstances which would mitigate against the imposition of debarment" under 42 C.F.R. Part 93 or under 45 C.F.R. Part 76. This is untrue. In her Hearing Request, Ms. Uzelmeier pled numerous mitigating factors. *See,* Pl.'s Mem. P. & A. at 33 n.18. She did not, of course, plead every factor on the nonexhaustive mitigating factor lists cited by Defendants, both of which include open-ended "other factors appropriate to the circumstances" categories. The mitigating factors pled by Ms. Uzelmeier also appear in case law under the debarment regulations. *See, e.g., Canales v. Paulson*, 2007 WL at *5 (mitigating factor that five years had passed since the plaintiff's alleged misconduct not addressed by debarring official and debarment set aside). The legally significant point is that HHS ignored Ms. Uzelmeier's proffered mitigating factors during the administrative process, in contravention of the governing regulations, and continues to ignore these mitigating factors in its Opposition to Ms. Uzelmeier's summary judgment motion.[4]

---

[4] With respect to the seven and-a-half year delay between Ms. Uzelmeier's alleged misconduct and her debarment, HHS states that Ms. Uzelmeier "conveniently glosses over her own unclean hands in taking an active part in delaying the issuance of a charge letter by dragging out the duration of the settlement discussions." Defs.' Opp. at 11. This argument is incomprehensible. First, settlement negotiations do not constitute evidence. Second, there is no evidence nor allegation that Ms. Uzelmeier in any way misled HHS in order to delay the filing of a charge letter. Third, at all times during the negotiations, which were not extensive, HHS was aware that Ms. Uzelemier would never plead guilty to the allegations. Should the Court so request, Ms. Uzelmeier will put the settlement correspondence before the Court, which will confirm that Ms.

B.  HHS' Assertion that Ms.Uzelmeier's Statement of Material Facts Contains Facts That Were Not Raised Below is Unfounded

On page two of Defendant's Response to Plaintiff's Statement of Material Facts Not in Dispute, HHS claims that "Plaintiff violates the Administrative Procedure Act ("APA") by submitting "facts" that were never raised in the administrative proceeding or before the ALJ below." Without conceding the standard of review nor whether this Court can or cannot review certain facts de novo, Plaintiff states for the record that HHS' claim is completely unfounded.

In a careful review of Defendants' Response to Plaintiff's Statement of Material Facts, Ms. Uzelmeier was able to find only one instance in which HHS asserts that she has submitted a fact not raised below. In denying Plaintiff's Statement of Material Fact #2, HHS states that Plaintiff had "presented no evidence [below] to indicate that Professor Kaminski had any differences with Plaintiff" prior to his accusing her of misconduct. Defs.' Response to Pl.'s Statement of Material Facts at 2. This statement is untrue. In fact, Michigan State University's ("MSU") Investigative Report states that "Ms. Marcus [now Uzelmeier] provided seven examples of the non-collegial relationship" between her and Professor Kaminski. Defs.' Ex. 3 (MSU Report) at 9. The seven examples are spelled out on page 9 and 10 of the Report.

Not only did the MSU Report fully document the longstanding differences between Ms. Uzelmeier and Professor Kaminski, but the Report goes on to state that MSU would not permit Ms. Uzelmeier to bring in an outside investigator because doing so might "have the effect of punishing Professor Kaminski" and "disrupting the activities of his laboratory." Defs.' Ex. 3 (MSU Report) at 49.

---

Uzelmeier was acting in good faith and that the negotiations cannot justify HHS' seven-and-a-half year delay.

9

## CONCLUSION

For the forgoing reasons, Plaintiff's Motion for Partial Summary Judgment should be granted.

Respectfully submitted,

  /s/ Stephen M. Kohn
Stephen M. Kohn
D.C. Bar No. 411513

KOHN, KOHN & COLAPINTO, LLP.
3233 P Street, N.W.
Washington, DC 20007
Phone: (202) 342-6980
Fax: (202) 342-6984

Attorneys for Plaintiff Rebecca Uzelmeier

Date: February 20, 2008